UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN OSHA JONES,<br>Petitioner,<br>v.<br>C. PFEIFFER, Warden,<br>Respondent. | NO. CV 17-3471-FMO (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On May 8, 2017, Petitioner, a state inmate, filed a Petition for Writ of Habeas Corpus challenging his 2002 conviction of kidnapping for purposes of robbery. Because he previously challenged the same state court judgment in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization to file a successive petition, the Court lacks jurisdiction over the new petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District.

In 2006, Petitioner filed a habeas petition in this court in *Jones v. Horel,* No. CV 06-3988-ABC (AGR) ("*Jones I*"). His claims were (1) insufficiency of the evidence; (2) vindictive prosecution; and (3) ineffective assistance of counsel. (*See Jones I,* Dkt. No. 22 (Notice and R&R) at 4.)

On August 3, 2007, the Court accepted the Magistrate Judge's recommendation and entered Judgment dismissing *Jones I* with prejudice on the merits. (*See Jones I,* Dkt. Nos. 27-28.) The Court denied a certificate of appealability. (*Jones I,* Dkt. No. 31.) On November 2, 2007, the Ninth Circuit denied a certificate of appealabilty in its case number 07-56421. (*Jones I* Dkt. No. 35.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same state court judgment that he challenged in *Jones I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States

Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.
## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: May 22, 2017

/s/
FERNANDO M. OLGUIN
United States District Judge